# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**TRI-MISS SERVICES, INC.**                                                  **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 2:12-CV-152-KS-MTP**

**SOLOMAN FAIRLEY, et al.**                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court finds that Plaintiff's claims against the non-diverse Defendants Soloman Fairley and Richard McCullough were fraudulently misjoined with Plaintiff's claims against Defendants Scottsdale Indemnity Co., Freedom Specialty Insurance Co., and Nationwide Mutual Insurance Co. Accordingly, the Court **grants in part and denies in part** Plaintiff's Motion to Remand [7]. Plaintiff's claims against Defendants Soloman Fairley and Richard McCullough shall be **severed** and **remanded** to the Circuit Court of Jefferson Davis County, Mississippi.

## I. BACKGROUND

Plaintiff Tri-Miss Services, Inc. operates scrap metal facilities around Mississippi, buying and selling scrap metal products. Defendants Fairley and McCullough began working for Plaintiff in July 2011 at its Prentiss Recycling facility in Prentiss, Mississippi. McCullough managed the facility, and Fairley was a scale operator. On September 22, 2011, Plaintiff's district manager, Ben Lilley, inspected the Prentiss Recycling facility. The amount of inventory was significantly less than Lilley

expected based upon the sales and inventory reports he had received. Therefore, Plaintiff began an investigation.

On September 24, 2011, Plaintiff compared recorded purchases of iron, tin, and cars with the shipments it had made during August and September. It discovered discrepancies of 397,762 pounds in August and 1,771,636 pounds in September. Plaintiff then discovered that McCullough had made adjustments to the local inventory that did not match with shipments. Lilley visited the Prentiss facility on September 25, 2011, and he discovered false purchase tickets, unsubstantiated inventory adjustments, and modified transaction receipts.

McCullough abruptly resigned his position on September 27, 2011, citing the stress of the investigation.

On September 28, 2011, Plaintiff's director operations, Jeff Thomson, visited the Prentiss facility to further investigate the inventory discrepancies. Plaintiff uses software which captures a digital image each time it registers the weight associated with a purchase. When Thomson compared the daily transaction records to the images, he discovered multiple transactions where the image did not match the transaction information or where there was no image. Thomson noticed a pattern of falsification involving several individual customers. Fairley would manually adjust the weight measurements in their favor, in amounts ranging from 500 to 2000 pounds. In other cases, the item captured in the digital image did not match the item entered on the transaction ticket.

On September 29, 2011, Plaintiff terminated Fairley's employment and

2

continued to investigate the matter.

On November 2, 2011, Plaintiff sent a letter to the Chief of the Prentiss Police Department outlining everything that had occurred. At that time, Plaintiff estimated that its total losses exceeded $200,000.00. Plaintiff eventually determined that the first occurrence of fraud was on August 9, 2011, and that the last one was on September 29, 2011. Plaintiff claims that Fairley and McCullough embezzled $240,515.36 from the Prentiss facility.

During the time that these events occurred, Plaintiff was insured under a Business Management Indemnity Policy (the "Policy") issued by Defendant Scottsdale Indemnity Co. The Policy contains a "Crime Coverage Section," which provides that Scottsdale "will pay for the loss of or damage to Money, Securities and Other Property resulting directly from Theft or Forgery by any identifiable Employee while acting alone or in collusion with others." The Policy further provides: "After the Insured discovers a loss or a situation that may result in the loss of Money, Securities or Other Property that may be covered under this Crime Coverage Section, the Insured must . . . provide to the Insurer . . . written notice of such loss as soon as practicable, but in no event later than sixty (60) days after such discovery."

Plaintiff did not report the loss to Scottsdale until April 30, 2012. Plaintiff provided Scottsdale's adjuster with all requested documentation, including the letter sent to the Prentiss Police Department and an itemization of losses. On June 15, 2012, Scottsdale notified Plaintiff that its claim was denied for failure to report the loss within sixty days of its discovery.

On July 24, 2012, Plaintiff filed the present lawsuit in the Circuit Court of Jefferson Davis County, Mississippi. Plaintiff asserted claims of fraud and embezzlement against Fairley and McCullough. It asserted claims of breach of contract, tortious breach of contract, and bad faith against Scottsdale; Nationwide Mutual Insurance Co., Scottsdale's parent company; and Freedom Specialty Insurance Co., Scottsdale's agent for claims handling. On September 7, 2012, Scottsdale, Nationwide, and Freedom Specialty removed the case to this Court. Plaintiff filed a motion to remand [7], which the Court now addresses.

## II. DISCUSSION

"[F]ederal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). This Court has removal jurisdiction in any case where it has original jurisdiction. 28 U.S.C. § 1441(a). It has "original jurisdiction of all civil matters where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . [c]itizens of different States . . . ." 28 U.S.C. § 1332(a). The parties must be completely diverse, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).

The parties in this case are not completely diverse. Plaintiff is a citizen of Mississippi. Defendants Scottsdale, Freedom Specialty, and Nationwide (the "Insurers") are citizens of Ohio, while Defendants Fairley and McCullough (the

4

"Employees") are citizens of Mississippi. The Insurers argue that Plaintiff's claims against the Employees are fraudulently misjoined.

The Fifth Circuit has mentioned the Eleventh Circuit's holding in *Tapscott v. Ms. Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), that "misjoinder should not be allowed to defeat diversity jurisdiction." *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002). Consequently, district courts within the Fifth Circuit have assumed that it adopted the Eleventh Circuit's reasoning. *See Palermo v. Letourneau Techs., Inc.*, 542 F. Supp. 2d 499, 515 (S.D. Miss. 2008) (listing cases from various district courts). The Eleventh Circuit held: "Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action. A defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Tapscott*, 77 F.3d at 1360.

"To constitute fraudulent misjoinder, the misjoinder must represent totally unsupported, or egregious misjoinder." *Sweeney v. Sherwin Williams Co.*, 304 F. Supp. 2d 868, 872 (S.D. Miss. 2004). To determine whether a party has been fraudulently misjoined, the Court applies Rule 20 of the Mississippi Rules of Civil Procedure. *Palermo*, 542 F. Supp. 2d at 517. Rule 20 provides, in pertinent part: "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action." MISS. R. CIV.

5

P. 20(a). Both prongs of Rule 20(a) must be met for joinder to be appropriate. *Hegwood v. Williamson*, 949 So. 2d 728, 730 (Miss. 2007).

> Before an alleged occurrence will be sufficient to meet Rule 20(a)'s two factors, there must be a distinct litigable event linking the parties. To determine if a distinct litigable event linking the parties exists, the courts should consider: whether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant. The appropriateness of joinder decreases as the need for additional proof increases. If plaintiffs allege a single, primary wrongful act, the proof will be common to all plaintiffs; however separate proof will be required where there are several wrongful acts by several different actors. The need for separate proof is lessened only where the different wrongful acts are similar in type and character and occur close in time and/or place. Also, when determining if joinder is appropriate, it is important to consider whether the proof presented to the jury would be confusing due to the multiplicity of facts.

*Id.* at 730-31 (formatting and citations omitted).

Plaintiff's claims against Fairley and McCullough (embezzlement, conversion) are substantially different from Plaintiff's claims against the Insurers (breach of contract, bad faith), and the two events from which Plaintiff's claims arise – the alleged theft and the denial of benefits – occurred over six months apart from one another. Furthermore, the claims do not share any common questions of law or fact. The Insurers asserted a single reason for their denial of Plaintiff's claim: Plaintiff's failure to provide notice of the loss within sixty days of its discovery. The facts alleged in the Insurers' denial letter do not materially vary from those alleged in Plaintiff's Complaint. Therefore, there are no factual disputes arising from Plaintiff's claims against the Insurers. The only disputed issue arising from Plaintiff's breach of contract and bad faith claims is a legal one: whether the Insurers are permitted to deny

6

coverage for Plaintiff's failure to provide notice of the loss within sixty days of its discovery.[1] In contrast, Plaintiff's claims against Fairley and McCullough involve many questions of fact relating to their alleged crimes, and the legal issues arising from those tort claims are substantially different than a mere matter of contract interpretation.

The Court's decision in *Nsight Techs., LLC v. Fed. Ins. Co.*, No. 3:09-CV-6, 2009 U.S. Dist. LEXIS 38556 (S.D. Miss. Apr. 23, 2009), is directly on-point. In that case, a Mississippi plaintiff filed a complaint in state court, asserting a conversion claim against a non-diverse employee who had allegedly embezzled over $400,000, and breach of contract and bad faith claims against its insurer. *Id.* at *2-*3. The insurer refused to pay more than $20,000, the limit of coverage in the most recent policy. *Id.* The insurer removed the case, arguing that the non-diverse employee was fraudulently misjoined. *Id.* at *3. This Court held that the conversion claim against the non-diverse employee and the breach of contract/bad faith claim against the insurer arose from "separate allegations of wrongdoing occurring at separate times." *Id.* at *12 (quoting *Hegwood*, 949 So. 2d at 731). Although both claims arguably arose from the alleged embezzlement, the claims "involve[d] different factual issues and different legal

---

[1] Plaintiff argues that the essential facts underlying its loss are not undisputed insofar as the Court is limited to consideration of the Complaint and may not consider the Insurers' admissions in briefing. However, it is not necessary for the Court to consider matters outside the Complaint to conclude that these facts are undisputed. Plaintiff alleged that the Insurers denied coverage solely on the basis of Plaintiff's failure to provide notice of the loss within sixty days of its discovery. Furthermore, Plaintiff attached the denial letter – in which the Insurers do not dispute the basic facts underlying the loss and deny coverage solely on the basis of Plaintiff's failure to provide notice within sixty days of discovery – as an exhibit to the Complaint.

7

issues." *Id*. Accordingly, the plaintiff fraudulently misjoined its conversion claim with its breach of contract and bad faith claims. *Id*. at *14.

Similarly, in *Madison Materials Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-CV-14, 2004 U.S. Dist. LEXIS 31111, at *3-*4 (S.D. Miss. 2004), the plaintiff filed a complaint in state court against a non-diverse employee who had allegedly embezzled millions of dollars over seventeen years. The plaintiff also asserted breach of contract and bad faith claims against its insurer for the partial denial of the resulting insurance claim. *Id*. at *4-*5. This Court noted that the "claims against the non-diverse defendant . . . [were] based upon the torts of embezzlement and conversion," while the "claims against . . . the diverse defendant sound in breach of contract and a bad-faith withholding of insurance benefits." *Id*. at *13. Accordingly, the Court held that the plaintiff "combined unrelated lawsuits resulting in a fraudulent misjoinder of claims to defeat this court's jurisdiction." *Id*.

Plaintiff attempts to distinguish these cases by arguing that the specific coverage disputes at issue in them are not present here. This argument is unavailing, though, as the present case is similar to both *Nsight* and *Madison Materials* in one key aspect: Plaintiff's claims against the Insurers do not share common questions of fact or law with Plaintiff's claims against its non-diverse former employees. *See* MISS. R. CIV. P. 20(a) (requiring that joined claims share common questions of law or fact). Therefore, for all the reasons stated above, the Court concludes that Plaintiff's claims against Fairley and McCullough were fraudulently misjoined to Plaintiff's claims against the Insurers.

8

## III. CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's claims against the non-diverse Defendants Soloman Fairley and Richard McCullough were fraudulently misjoined with Plaintiff's claims against Defendants Scottsdale Indemnity Co., Freedom Specialty Insurance Co., and Nationwide Mutual Insurance Co. Accordingly, the Court **grants in part and denies in part** Plaintiff's Motion to Remand [7]. Plaintiff's claims against Defendants Soloman Fairley and Richard McCullough shall be **severed** and **remanded** to the Circuit Court of Jefferson Davis County, Mississippi.

SO ORDERED AND ADJUDGED this 15th day of November, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE